UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DONALD PRESTON, et al., | Case No. 2:14-cv-00021-APG-PAL |
| Plaintiffs, | ORDER |
| v. | (Mot Stay Disc – Dkt. #18) |
| CLARK COUNTY COLLECTION SERVICE, LLC, | |
| Defendant. | |

Before the court is Defendant's Motion to Stay Discovery (Dkt. #18). The court has considered the Motion, Defendant's Request for Judicial Notice (Dkt. #19), Plaintiffs' Response (Dkt. #27), and Defendant's Reply (Dkt. #28).

**BACKGROUND**

The Complaint (Dkt. #1) in this case was filed January 6, 2014. It asserts claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and related state claims pursuant to NRS 649.332, and NRS 449.759. The complaint alleges that on or about April 4, 2013, Defendant or its agents began contacting Plaintiff Donald Preston to collect debts for medical bills incurred in late-November 2012, in violation of a state law provision that requires collection letters to include certain notice language for collection of medical debts. Plaintiff Kavin Burkhalter received a written letter attempting to collect alleged medical debts due and owing on January 9, 2013, which also failed to provide the notice language required by state law for collection of medical debts. Plaintiffs bring this action on behalf of themselves and seek to certify a class of similarly situated individuals in Nevada to whom Defendant sent an initial written communication between the date of filing of this action and one year preceding in violation of the state statutes cited in the complaint.

1

1  On February 18, 2014, Defendant Clark County Collection Service, LLC ("CCCS") filed an Answer (Dkt. #5) on February 18, 2014, and thereafter filed a Motion for Judgment on the Pleadings (Dkt. #7) on April 2, 2014. The parties were unable to agree on a proposed discovery plan and scheduling order, and the court therefore set their competing proposals for hearing on April 29, 2014. *See* Minutes of Proceedings (Dkt. #15). The court entered a standard 180-day discovery plan and scheduling order, but strongly urged counsel to meet and confer to discuss the scope of appropriate discovery before the district judge ruled on the motion for judgment on the pleadings. This motion followed.

CCCS seeks a stay of discovery while the motion for judgment on the pleadings is pending asserting the motion can be decided without any discovery. Plaintiffs' federal FDCPA claims rest exclusively upon alleged violations of a Nevada statute for which there is no private right of action. Allowing potentially costly class action discovery which forces CCCS to bear the cost and burden of discovery while the motion is decided should be avoided by a stay. The motion for judgment on the pleadings is dispositive of the entire case if granted. CCCS contends that its motion is meritorious and will likely be granted. In opposing the motion for judgment on the pleadings, Plaintiffs have not cited a single case for the proposition that failure to provide a notice required by state law constitutes an FDCPA violation. Because the FDCPA contains an attorney fee shifting provision allowing discovery to proceed against Defendant on implausible complaint allegations would constitute a coercive attempt to force settlement. Defendant requests the court take judicial notice of a decision and order entered in *Money v. Banner Health*, 3:11-cv-00800-LRH-WGC, a case filed in this district, in which Judge Cobb granted Defendant's motion to stay discovery pending disposition of a motion to dismiss.

Plaintiffs oppose the motion arguing the Defendant has failed to meet its heavy burden of showing that Plaintiffs should be denied discovery. Plaintiffs served Defendant with written discovery March 17, 2014, after the Rule 26(f) conference. Defendant responded to Plaintiffs' interrogatories, requests for admissions, and request for production of documents. However, the responses were insufficient and multiple objections were asserted based on the pending motion for judgment on the pleadings. Plaintiffs have attempted to meet and confer to resolve these

2

disputes, but Defendant refused to participate in the meet-and-confer process and filed this motion to stay. Plaintiffs seek discovery regarding Defendant's policies and procedures when collecting medical debts, Defendant's actions surrounding its collection efforts towards the named Plaintiffs, and to determine the size of the putative class. The lawsuit is not frivolous or filed for settlement value, and Defendant has not established that allowing discovery will cause prejudice or harm. All discovery involves some inconvenience and expense, but this is not a sufficient reason for a stay or protective order. Finally, CCCS did not make a sincere effort to resolve this matter without court intervention as required by LR 26-7 before filing the motion to stay. Rather, counsel for Defendant took the position in email correspondence that, because the court strongly urged counsel to meet and confer to discuss the scope of appropriate discovery while the motion for judgment on the pleadings was pending, that Plaintiffs should stipulate to a stay of all discovery. Plaintiffs refused, and Defendant filed this motion without any sincere to meet and confer.

Defendant replies that it requested Plaintiff to stipulate to a stay of discovery after the April 29, 2014 scheduling conference in which the court strongly urged counsel to meet and confer to discuss the appropriate scope of discovery while the motion for judgment on the pleadings was pending. They only issue before the district judge on the motion is whether the collection letters at issue violate the FDCPA. Defendant is confident the court will grant the motion which will dispose of the entire case. Staying discovery not relevant to the motion for judgment on the pleadings is appropriate where, as here, the motion has a good chance of succeeding. Statutory damages allowed for a violation of the FDCPA are up to $1000 in actual damages plus attorney's fees. Plaintiffs' complaint does not seek actual damages, and therefore, this case is worth, at most, $2000, absent attorney's fees. Under these circumstances, the court should enter an order staying all discovery pending disposition of CCCS's motion for judgment on the pleadings.

## DISCUSSION

Both sides cite this court's decision in *Tradebay, LLC v. Ebay, Inc.*, 278 F.R.D. 597 (D. Nev. 2011) to support their respective positions. There, this court relied on two published

Case 2:14-cv-00021-APG-PAL   Document 29   Filed 06/05/14   Page 4 of 5

1  decisions of district judges in this district, *Twin City Fire Insurance v. Employers of Wasau,* 124
2  F.R.D. 652 (D. Nev. 1989) and *Turner Broadcasting Systems, Inc. v. Triscinda Corp.*, 175
3  F.R.D. 554 (D. Nev. 1997) which concluded that to establish good cause for a stay, the moving
4  party must show more than an apparently meritorious Rule 12(b)(6) motion to dismiss is
5  pending.  Both cases held that the court may exercise its discretion to stay discovery when it is
6  convinced that the Plaintiff will be unable to state a claim for relief.  The *Tradebay* decision
7  relied on district court decisions in the Ninth Circuit finding that when faced with a motion to
8  stay discovery when a dispositive motion is pending, the court should take a "preliminary peek"
9  at the motion to determine whether a stay is appropriate, acknowledging that the district judge
10 will decide the matter, and doing so puts a magistrate judge in an awkward position.

11         At the April 29, 2014 hearing, the court entered a standard 180-day discovery plan and
12 scheduling order and strongly urged counsel to meet and confer to discuss the scope of
13 appropriate discovery while the motion for judgment on the pleadings was pending.  The court
14 did not, as counsel for CCCS seems to suggest, endorse a stay of all discovery.  To the contrary,
15 urging the parties to meet and confer regarding the scope of appropriate discovery, coupled with
16 entry of a discovery plan and scheduling order, should have conveyed that the court expected the
17 parties to conduct limited discovery while the motion for judgment was pending.  The court
18 expected that counsel for the parties would genuinely meet and confer to discuss discovery
19 appropriate to the named Plaintiffs' claims while the motion was pending.  The court has
20 reviewed the parties' email exchanges documenting Plaintiffs' attempt to meet and confer to
21 discuss Defendants' discovery responses, and the appropriate scope of discovery.  The court
22 finds that Defendant did not engage in a good-faith effort to attempt to resolve this dispute by
23 taking the position that the only possible resolution was a stipulation to stay discovery or
24 Defendant would file a motion to stay.

25         Having reviewed and considered the matter, the court will deny the motion to stay, but
26 limit the scope of discovery to the two named Plaintiffs' claims.  It would be inequitable to allow
27 the Plaintiffs to conduct class discovery where, as here, Plaintiffs' statutory damages are capped
28 at $2000, exclusive of attorney's fees, unless a class is certified.  The court has taken a

4

preliminary peek at the merits of the motion for judgment on the pleadings and Plaintiffs' response. Defendant correctly point out that Plaintiffs have not cited any case for the proposition that violation of a state law notice requirement in a debt collection matter constitutes a violation of the FDCPA. In the absence of a federal claim, this court lacks subject matter jurisdiction. However, as Plaintiffs would potentially still have viable state court claims and would be entitled to modest discovery on those claims, the court will allow discovery narrowly tailored to the named Plaintiffs' individual claims.

**IT IS ORDERED** that Defendant's Motion to Stay Discovery (Dkt. #18) is **DENIED**. However, the court will limit discovery to written and oral discovery narrowly tailored to address the named Plaintiffs' individual claims.

DATED this 2nd day of June, 2014.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE