UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD PRESTON and KAVIN BURKHALTER, <br><br> Plaintiffs, <br><br> v. <br><br> CLARK COUNTY COLLECTION SERVICE, LLC, <br><br> Defendant. | Case No. 2:14-CV-00021-APG-PAL <br><br> **ORDER** <br><br> (Dkt. #7, #34, #38, #44) |

This is a dispute under the Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs Donald Preston and Kavin Burkhalter received debt collection letters from Defendant Clark County Collection Service, LLC ("CCCS"). The letters contained the notices required by the FDCPA, but they did not contain notice language required under Nevada law when collecting a debt on behalf of a hospital. CCCS moves for judgment on the pleadings, arguing the absence of the Nevada notice does not render the letters deceptive, misleading, or unconscionable under the FDCPA. CCCS also argues there is no private right of action under Nevada law for failing to include the Nevada-specific notice. Plaintiffs respond that CCCS's failure to provide the Nevada notice violates the FDCPA because the letters did not provide them with important information that would materially impact their rights regarding the alleged debts.

**I. Background**

According to the Complaint, in late 2012 Plaintiff Donald Preston purportedly incurred debts for services he received at Desert Radiologists, Inc.'s Centennial Hills and Summerlin Hospital locations. (Dkt. #1 at 5.) On April 4, 2013, CCCS sent Preston two initial collection letters regarding these debts. (*Id.* at 6.)

Similarly, in mid to late 2012, Plaintiff Kavin Burkhalter allegedly incurred a debt for services he received from Fremont Emergency Services' Southern Hills location. (*Id.* at 7.) On January 9, 2013, CCCS sent Burkhalter an initial collection letter regarding this debt. (*Id.* at 8.)

Nevada law requires that "[w]hen collecting a debt on behalf of a hospital," the debt collector must provide the following notice either in the initial communication, or within five days thereof:

> (a) If the debtor pays or agrees to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as:
>     (1) An acknowledgment of the debt by the debtor; and
>     (2) A waiver by the debtor of any applicable statute of limitations set forth in NRS 11.190 that otherwise precludes the collection of the debt; and
> (b) If the debtor does not understand or has questions concerning his or her legal rights or obligations relating to the debt, the debtor should seek legal advice.

Nev. Rev. Stat. § 649.332(2). None of CCCS's letters to Plaintiffs contained this notice. (Dkt. #1 at 7-8.) Nor did CCCS provide the notice within five days after the initial communication with Plaintiffs. (*Id.*) Instead, CCCS's letters stated the following:

> This notice has been sent to you by a collection agency. This is an attempt to collect a debt. Any information will be used for that purpose.
>
> Your account has been placed with our office for collection. The balance is due in full at this time. This item may affect your credit. Should you wish to stop all collection activity remit the balance in full or call our office to make other arrangements.
> . . .
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any part thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

(Dkt. #7-1.)[1]

---

[1] I may consider documents outside the Complaint without converting the motion to one for summary judgment if "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v.*

Plaintiffs filed a class action[2] Complaint in this Court alleging CCCS violated the FDCPA and Nevada Revised Statutes § 649.332(2) and § 449.759 (which requires a hospital collecting a debt to comply with the FDCPA) by failing to include the notice language set forth in § 649.332(2). CCCS moves for judgment on the pleadings, arguing there is no private right of action under either NRS § 649.332(2) or § 449.759. CCCS also contends Plaintiffs cannot base a violation of the FDCPA on a violation of state law unless the collection effort is otherwise deceptive, misleading, unconscionable, or unfair, because that would create a cause of action where Nevada did not intend for one to exist. CCCS argues its letters were not deceptive or unconscionable because the letters contained the notices the FDCPA requires, any misrepresentation was not material, and Plaintiffs have not alleged how they were misled.

Plaintiffs respond that violations of state law can form the basis of an FDCPA violation. Plaintiffs contend the CCCS letters were deceptive and unconscionable because they failed to inform Plaintiffs of the consequences if they paid any or all of the debt. Plaintiffs argue the omitted language is material because it could result in the debtor inadvertently acknowledging the debt or waiving a statute of limitations defense.

**II. Discussion**

A party may move for judgment on the pleadings "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). "A judgment on the pleadings is properly granted when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998).

**A. Nevada Law**

CCCS argues, and Plaintiffs do not dispute, that there is no private right of action under either Nevada Revised Statutes § 649.332(2) or § 449.759. Neither Chapter 649 nor Chapter 449 contains an express private right of action. Nevada has not addressed whether an implied right of

---

*ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Here, Plaintiffs' claims depend on the collection letters, CCCS attached the letters to its motion for judgment on the pleadings, and Plaintiffs do not dispute authenticity.

[2] Plaintiffs have not moved for class certification.

action exists under either chapter.  "Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir. 2007) (quotation omitted).  "In answering that question, this court looks for 'guidance' to decisions by intermediate appellate courts of the state and by courts in other jurisdictions." *Id.* (quotation omitted).

Whether an implied private cause of action exists under Nevada law is "a question of legislative intent." *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 100-01 (Nev. 2008) (en banc).  In the absence of unambiguous statutory language on the point, I "examine the entire statutory scheme, reason, and public policy." *Id.* at 101.  Specifically, I consider (1) whether the plaintiff belongs to the class for whose "[e]special benefit the statute was enacted"; (2) whether the legislative history indicates legislative intent "to create or to deny a private remedy"; and (3) whether implying a private remedy is consistent with the legislative scheme's "underlying purposes." *Id.* (quotations omitted).  "[T]he absence of an express provision providing for a private cause of action to enforce a statutory right strongly suggests that the Legislature did not intend to create a privately enforceable judicial remedy." *Id.* Additionally, if a statute "provides an express remedy, courts should be cautious about reading additional remedies into the statute." *Richardson Constr., Inc. v. Clark Cnty. Sch. Dist.*, 156 P.3d 21, 23 (Nev. 2007).

To the extent CCCS was attempting to collect from Plaintiffs on behalf of a "hospital," Plaintiffs would fall within the class of persons for whose benefit § 649.332(2) was enacted.  The legislative history sheds no light on legislative intent regarding a private remedy.  However, the lack of an express private right of action strongly suggests the Nevada Legislature did not intend for private enforcement.  Instead, the Legislature chose as remedies administrative enforcement and criminal penalties. *See* Nev. Rev. Stat. §§ 649.385-440; *see also Smith v. Cmty. Lending, Inc.*, 773 F. Supp. 2d 941, 945 (D. Nev. 2011) (concluding there is no private right of action under Chapter 649).  I therefore conclude there is no private right of action under Chapter 649.

I need not decide whether a private right of action exists under Chapter 449 because any such claim would be coextensive with Plaintiffs' claim under the FDCPA.  Section 449.759

provides that when collecting a debt, hospitals "must act in accordance with . . . the federal Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, even if the hospital . . . is not otherwise subject to the provisions of that Act." To the extent the Nevada Legislature intended this section to create a private right of action under Nevada law, the Nevada Legislature defined any such claim as being the same as a violation of the FDCPA. Consequently, even if a private right of action exists under § 449.759, whether CCCS's conduct violated Nevada law depends on whether CCCS violated the FDCPA.

**B. FDCPA**

The FDCPA is "a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (quoting 15 U.S.C. § 1692e). Individuals may sue debt collectors who fail to comply with the FDCPA, and they may recover actual damages, statutory damages, attorney's fees, and costs. 15 U.S.C. § 1692k(a).

The two provisions of the FDCPA at issue in this case are § 1692e and § 1692f. Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e contains a non-exhaustive list of prohibited conduct, including the "use of any false representation or deceptive means to collect or attempt to collect any debt . . . ." *Id.* § 1692e(10). Section 1692f similarly prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."

To determine whether a debt collector's conduct violates either of these sections, I must engage in "an objective analysis that takes into account whether the least sophisticated debtor would likely be misled by a communication." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quotation omitted). This standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Gonzales*, 660 F.3d at 1061 (quotation omitted). Rather, the standard is "designed to protect consumers of below average

sophistication or intelligence, or those who are uninformed or naive, particularly when those individuals are targeted by debt collectors." *Id.* at 1062 (internal quotation marks and citation omitted). However, the standard "preserv[es] a quotient of reasonableness and presum[es] a basic level of understanding and willingness to read with care." *Id.* (quotation omitted). Debt collectors are not liable for "bizarre, idiosyncratic, or peculiar misinterpretations." *Id.* (internal quotation marks and citations omitted). Whether a debt collector's conduct violates the FDCPA is a question of law. *Id.* at 1061.

The FDCPA requires a debt collector to provide certain notices to the consumer from whom it is seeking to collect a debt. Section § 1692g(a) requires that in the initial communication or five days thereafter, the debt collector must advise the consumer in writing:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Additionally, § 1692e(11) requires debt collectors to advise the consumer in the initial written communication that "the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." However, the FDCPA does not require the debt collector to advise the consumer of all statutory rights or requirements. For example, the debt collector need not inform the consumer that if the consumer disputes the debt, the debt collector must cease collection efforts until the debt collector verifies the debt. *See* 15 U.S.C. § 1692g(b); *see also id.* § 1692c(c) (no requirement to notify consumer that, with some exceptions, a debt collector must stop communicating with consumer once notified in writing to do so).

The FDCPA does not preempt state laws regarding debt collection practices, "except to the extent that those laws are inconsistent" with the FDCPA, "and then only to the extent of the inconsistency." *Id.* § 1692n. States may provide greater protection than the FDCPA affords without those protections being considered inconsistent with the FDCPA. *Id.*

Although states may enact greater protections than the FDCPA, not every violation of state law amounts to an FDCPA violation. *See Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996) ("We disagree with Wade that debt collection practices in violation of state law are per se violations of the FDCPA."). The question is not whether the debt collector violated a state law provision, but whether the debt collector's conduct constitutes an independent violation of the FDCPA. *Id.*; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 537 (6th Cir. 2014). That the debt collector's conduct violates state law may be relevant to this inquiry, but a plaintiff does not establish an FDCPA violation merely by showing the debt collector violated state law. *Currier*, 762 F.3d at 537; *Wade*, 87 F.3d at 1100.

For example, in *Wade*, the United States Court of Appeals for the Ninth Circuit did not focus on the violation of state law, but instead analyzed whether the debt collector's conduct was deceptive or unconscionable. There, the debt collector sent three notices to the consumer at her California addresses, and then sent a notice to the consumer's address in Idaho, even though the debt collector "did not have a permit to collect debts in Idaho, as required by Idaho law." 87 F.3d at 1099. The consumer sued under both Idaho law and the FDCPA. *Id.* The Ninth Circuit held that the letter did not violate § 1692e because it was not deceptive or misleading where it correctly advised her that she had an unpaid debt, and did not falsely represent that the debt collector had the power to collect in Idaho. *Id.* at 1100. The Court further held the letter did not violate § 1692f because the letter was "relatively innocuous, and not 'unconscionable.'" *Id.* at 1100. It merely requested payment and advised the consumer her credit may be negatively affected. *Id.* at 1099. To the extent the consumer was deprived of her right to have the State

review the debt collector's qualifications, the Ninth Circuit held she must seek relief under Idaho law, not the FDCPA.[3] *Id.* at 1100-01.

The United States District Court for the Northern District of California engaged in a similar analysis when it reviewed a debt collection letter that failed to include a notice required by California's debt collection practices law, the Rosenthal Act. *Luna v. Alliance One Receivables Mgmt., Inc.*, No. C 05-04751 JF, 2006 WL 357823, at *1, 6 (N.D. Cal. Feb. 16, 2006) (unpublished). Specifically, the letter failed to include language required by the Rosenthal Act, but not required by the FDCPA, about when and where debt collectors could call the consumer as well as language about how debt collectors cannot threaten violence or arrest, or use obscenity. *Id.* at *1 n.4. The letter contained all notices required by the FDCPA. *Id.* at 1 n.3. The district court concluded that the failure to include the Rosenthal Act notice did not violate the FDCPA because the letter otherwise "made clear to the least sophisticated debtor the steps and procedures the debtor could take to resolve the alleged debt" and did "not contain any abusive, false, deceptive, or misleading statement." *Id.* at *6.[4]

There may be situations where the absence of a state-specific notice violates the FDCPA, but typically a debt collector's conduct is not deceptive or unconscionable where the debt collector gives the FDCPA-required notice. *See Renick v. Dun & Bradstreet Receivable Mgmt. Servs.*, 290 F.3d 1055, 1058 (9th Cir. 2002) ("Because the notice did not violate the requirements of 15 U.S.C. § 1692g(a), it would not support a finding that Dun & Bradstreet used false representation or deceptive means to collect or attempt to collect any debt." (quotation omitted)). Congress determined what notice debt collectors would be required to give, and it chose not to

---

[3] The Ninth Circuit also found the letter did not violate § 1692e(5), which prohibits threatening to take actions that cannot legally be taken, because the letter did not threaten to sue. *Id.* at 1100.

[4] *Compare Picht v. John R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001) (holding debt collector's attempt to use a garnishment procedure prior to entry of judgment was not authorized under state law, and debt collector thereby violated the FDCPA's prohibition against threatening to take an action it could not legally take); *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1139 (N.D. Ill. 1998) (holding debt collection letter sent to consumers in multiple states that included notice language required by Colorado misled consumers into thinking only Colorado residents could demand the debt collector cease communication even though consumers had similar rights under the FDCPA, although the FDCPA does not require consumers to be told about those rights).

require additional notice.  Further, holding that the absence of notices required under state law is deceptive or unconscionable would compel debt collectors to comply with the most restrictive state's provisions or risk being found to have violated federal law. *See Khosroabadi v. No. Shore Agency*, 439 F. Supp. 2d 1118, 1124-25 (S.D. Cal. 2006).  Conversely, allowing Plaintiffs to pursue their claims via federal law based solely on a violation of Nevada law would circumvent Nevada's decision not to provide a private cause of action for failing to give the notice. *See Lucero v. Bureau of Collection Recovery, Inc.*, No. CIV 09-0532 JB/WDS, 2012 WL 681797, at *32 (D. N.M. Feb. 28, 2012).  Consequently, the fact that Nevada requires the notice does not in and of itself make CCCS's conduct unconscionable or unfair under federal law.  Instead, Plaintiffs must show CCCS's letters independently violate the FDCPA.

The letters do not contain any false, deceptive, or misleading representation, nor are they unfair or unconscionable on their face.  The only defect Plaintiffs identify is the absence of the Nevada notice language.  Nevada Revised Statutes § 649.332(2)(a)(1) requires a debt collector to advise the consumer that if he pays or agrees to pay the debt or any portion thereof, the payment or agreement to pay may be construed as the debtor acknowledging the debt.  CCCS's notice advised Plaintiffs that if they did not dispute the validity of the debt, in whole or in part, within thirty days, CCCS would assume the debt was valid.  CCCS also advised Plaintiffs that CCCS would obtain verification of the debt or judgment at Plaintiffs' request.  Even the least sophisticated debtor would understand he could dispute the debts in whole or in part, and CCCS's notice, which is the required FDCPA notice, would not mislead the consumer into paying, and thereby acknowledging, a disputed debt.

Section 649.332(2)(a)(2) requires a debt collector to advise the consumer that if he pays or agrees to pay the debt or any portion thereof, the payment or agreement to pay may be construed as a waiver of the statute of limitations.  Assuming without deciding that the absence of this notice could form the basis of an FDCPA claim under some circumstances, Plaintiffs have not alleged CCCS was attempting to collect debts for which the limitations period had run or was close to expiring.  Failure to give the notice where CCCS was not attempting to collect a time-

barred debt, or one that would soon be time-barred, is not deceptive, misleading, unconscionable, or unfair. *See Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014) (stating a debt collector is not liable under the FDCPA for a false or misleading representation unless that misrepresentation is "material").

In sum, CCCS is entitled to judgment on the pleadings because even accepting Plaintiffs' allegations as true, CCCS has not violated the FDCPA by failing to provide notices required by state law under the circumstances alleged in the Complaint. I therefore grant CCCS's motion for judgment on the pleadings and deny the parties' cross-motions for summary judgment as moot.

### III. Conclusion

IT IS THEREFORE ORDERED that Defendant's Motion for Judgment on the Pleadings (Dkt. #7) is hereby GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Supplemental Response to Motion for Judgment on the Pleadings (Dkt. #34) is hereby DENIED as moot.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary Judgment (Dkt. #38) is hereby DENIED as moot.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Dkt. #44) is hereby DENIED as moot.

IT IS FURTHER ORDERED that Judgment is hereby entered in favor of Defendant Clark County Collection Service, LLC and against Plaintiffs Donald Preston and Kavin Burkhalter.

DATED this 4th day of December, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE